UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KYLE DeROUSEAU; KD,

                Plaintiffs,

        -against-

ANGELO MARTELLO; STEVEN DOUGHARTY;
JEFFREY MONDELL; ANTHONY GUZZO,

                Defendants.

21-CV-8711 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

        Plaintiff Kyle DeRouseau, who is appearing *pro se*, brings this action individually and on behalf of his minor child, K.D.[1] He asserts that Defendants deprived him of his rights after he and K.D. were attacked, in violation of 42 U.S.C. §§ 1983 and 1985 and 18 U.S.C. § 242. By order dated March 11, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, to waive the filing fees. For the following reasons, the Court dismisses the complaint, but grants Plaintiff thirty days' leave to replead.

## STANDARD OF REVIEW

        The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

---

[1] Rule 5.2(a)(3) of the Federal Rules of Civil Procedure requires that any court submissions referring to a minor must only include the minor's initials.

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff sues four police officers from the Sleepy Hollow Police Department – Angela Martello, Steven Dougherty, Jeffrey Mondell, and Anthony Guzzo – for misconduct and deprivation of his rights. He seeks unspecified damages.

The following information is taken from the complaint. On January 18, 2019, Plaintiff's child, K.D., was attacked, but Plaintiff "took the blunt of the incident." (ECF 1, at 5.) After the

attack, Plaintiff went to the police and brought the defendant officers back to an unidentified

residence to "ensure justice." (*Id*.) The police, however, deprived Plaintiff of his rights under the

U.S. Constitution by leaving K.D. in a "dangerous situation." (*Id*.) Although K.D. was not

physically harmed, she lost her main caregiver, her father. The events that transpired after the

assault occurred "because [Plaintiff] shielded [his] child physically and took all 12 hits!" (*Id*.)

The same day of the assault, Plaintiff was falsely charged, and a year later, a "2nd false

charge [was] applied to intimidate [him]." (*Id*. at 6.) He requested six trials in state court, but the

proceedings were adjourned "leaving [his] only child in an unhealthy, neglectfull [sic]

situation."[2] (*Id*.)

## DISCUSSION

### A.    Claims on behalf of K.D.

The Court must dismiss any claims Plaintiff purports to be asserting on behalf of his

minor child, K.D. The statute governing appearances in federal court, 28 U.S.C. § 1654, allows

two types of representation: "that by an attorney admitted to the practice of law by a

governmental regulatory body, and that by a person representing himself." *Lattanzio v. COMTA*,

481 F.3d 137, 139 (2d Cir. 2007) (quoting *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305,

1308 (2d Cir. 1991)). A nonlawyer parent ordinarily cannot represent a child's interests *pro se*.

*See Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990); *see*

*Tindall v. Poultney High Sch. Dist.*, 414 F.3d 281, 284 (2d Cir. 2005) (holding that it is "a well-

---

[2] The Court takes notice that on the same day Plaintiff filed this action, he filed a second action on behalf of himself and K.D. In the second case, he sues the Family Court of Westchester County, the judge presiding over his Family Court case, and three attorneys who are representing or represented K.D. *See DeRouseau v. Family Court*, ECF 1:21-Cv-8716, 1, (S.D.N.Y. filed Oct. 22, 2021). Plaintiff alleges in that action that the defendants deprived him of his "parental rights" and left K.D. "with an unfit, mentally ill parent." *Id*. at 5.

established general rule in this Circuit that a parent not admitted to the bar cannot bring an action

pro se in federal court on behalf of his or her child"). Minors "are entitled to trained legal

assistance so their rights may be fully protected" and nonlawyer parents are not trained to

represent competently the interests of their children. *Cheung*, 906 F.2d at 61. Moreover, "a

district court has a duty to raise this issue *sua sponte*." *Thomas v. Astrue*, 674 F. Supp. 2d 507,

511 (S.D.N.Y. 2009); *Fauconier v. Comm. on Special Educ.*, ECF 1:02-CV-1050, 2003 WL

21345549, at *1 (S.D.N.Y. June 10, 2003) ("court has an affirmative duty to enforce the rule that

a non-attorney parent must be represented by counsel when bringing an action on behalf of his or

her child") (citing *Cheung*, 906 F.2d at 61).

      Plaintiff has alleged no facts suggesting that he is an attorney. He cannot, therefore, assert

any claims on behalf of other individuals, including his minor child. The Court therefore

dismisses without prejudice any claims Plaintiff is asserting on behalf of K.D.

**B.**    **Claims that the police failed to assist or protect**

      Plaintiff asserts that the police deprived him of his rights by leaving his daughter in a

"dangerous situation" after they were attacked. (ECF 1, at 5.) He provides very little information

about the attack: he does not identify the assailant or describe the allegedly dangerous situation.

As Plaintiff suggests that the police failed to assist or protect him and K.D. from potential harm

by another person, his assertions could liberally be read as a claim for a violation of his right to

substantive due process under the Fourteenth Amendment.

      The Fourteenth Amendment to the United States Constitution provides that a State shall

not "deprive any person of life, liberty, or property, without due process of law." U.S. Const.

amend. XIV, § 1. The Due Process Clause of the Fourteenth Amendment was enacted "to protect

the people from the State, not to ensure that the State protected them from each other." *DeShaney*

*v. Winnebago Cnty. Dep't of Soc. Svcs.*, 489 U.S. 189, 195-96 (1989). The Constitution generally

does not require "the State to protect the life, liberty, and property of its citizens against invasion

by private actors," nor does it confer an "affirmative right to governmental aid, even where such

aid may be necessary to secure life, liberty, or property interests of which the government itself

may not deprive the individual." *Id.* The United States Court of Appeals for the Second Circuit

has recognized two exceptions to this general principle:

> First, the state or its agents may owe a constitutional obligation to the victim of
> private violence if the state had a "special relationship" with the victim . . . .
> Second, the state may owe such an obligation if its agents in some way had
> assisted in creating or increasing the danger to the victim.

*Matican v. City of New York*, 524 F.3d 151, 155 (2d Cir. 2008) (citation omitted).

Even if a plaintiff falls within one of these two exceptions and can demonstrate that the

defendants have a constitutional obligation to protect him, he must also "show that the

defendants' behavior was 'so egregious, so outrageous, that it may fairly be said to shock the

conscience.'" *Matican*, 524 F.3d at 155 (quoting *Cnty. of Sacramento v. Lewis*, 523 U.S. 833,

848 n. 8 (1998) (internal quotation marks omitted)). In determining whether conduct shocks the

contemporary conscience, "conduct intended to injure in some way unjustifiable by any

government interest is the sort of official action most likely to rise to the conscience-shocking

level." *Lewis*, 523 U.S. at 849. By contrast, "negligently inflicted harm is categorically beneath

the threshold." *Id.*

Although Plaintiff believes that the police had a duty to remove his daughter from the

residence where the alleged attack took place, he does not allege any facts suggesting that he had

a special relationship with the police, that they created or increased a danger to himself, or that

the police officers' conduct was so egregious that it shocked the conscience. The two exceptions

to the general rule that the State does not a have a duty to protect individuals from private harms

are therefore not applicable under the circumstances Plaintiff describes. Plaintiff's claims

concerning the police officers' failure to provide assistance or protection after he and his daughter were attacked must be dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**C.    Claims of false charges**

Plaintiff asserts that he was falsely charged twice, one year apart, and that state court proceedings were repeatedly adjourned. He does not, however, provide enough facts concerning the allegedly false charges to allow the Court to reasonably infer that the defendants are liable for any violation of his rights. *Iqbal*, 556 U.S. at 678 (2009) (citing *Twombly*, 550 U.S. at 555). For example, he does not state facts describing the nature of the charges and whether the attack against him and K.D. led to those charges, or if they arose from some other event or occurrence. Plaintiff also fails to allege facts suggesting that any of the named defendants brought the allegedly false charges against him.

Even if the Court were to construe Plaintiff's false charges assertion as a malicious prosecution claim under the Fourth Amendment, he fails to allege facts sufficient to state a claim for relief.[3] *See Lanning v. City of Glens Falls*, 908 F.3d 19, 28 (2d Cir. 2018) ("A § 1983 claim for malicious prosecution essentially alleges a violation of the plaintiff's right under the Fourth Amendment to be free from unreasonable seizure."). The "essence" of such a claim "is the alleged groundless prosecution[.]" *Singleton v. City of New York*, 632 F.2d 185, 195 (2d Cir. 1980). To state a claim for malicious prosecution, a plaintiff must allege that criminal proceedings were initiated or continued against him, with malice and without probable cause, and were terminated in his favor. *See Mitchell v. City of New York*, 841 F.3d 72, 79 (2d Cir.

---

[3] Because Plaintiff alleges no facts concerning an arrest, the Court does not construe his assertions of false charges as a false arrest claim.

2016). For the favorable termination element, the underlying criminal proceedings must end with "an affirmative indication that the person is innocent of the offense charged."[4] *Lanning*, 908 F.3d at 28. A plaintiff must also allege facts suggesting that the named defendant played an "active role in the prosecution, such as giving advice and encouragement or importuning the authorities to act." *Rothstein v. Carriere*, 373 F.3d 275, 294 (2d Cir. 2004) (internal quotation marks and citations omitted).

Plaintiff fails to state a malicious prosecution claim. He does not allege any facts suggesting that any defendant initiated a prosecution against him with malice and without probable cause or that the charges against him were dismissed. He only alleges that he was falsely charged. Because Plaintiff provides no facts regarding the allegedly false charges that were brought against him, or the resulting proceedings, any malicious prosecution claim he seeks to bring must be dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## D.    Claims under 18 U.S.C. § 242

Plaintiff seeks to bring claims against Defendants under Section 242, a federal criminal statue. A private party, however, cannot prosecute a criminal action in federal court. *See Leek v.*

---

[4] The United States Court of Appeals for the Second Circuit has recently clarified the distinction between fair trial and malicious prosecution claims and the requirement of a favorable termination. The Second Circuit noted that "[i]t makes sense to require a favorable termination indicative of innocence in the context of malicious prosecution claims where the essence of such a claim is the alleged groundless prosecution," but that a "fair-trial claim, by contrast, focuses on the constitutionality of the process and addresses a different constitutional injury – deprivation of life, liberty, or property due to corruption of due process by official misconduct" – and that a favorable termination indicative of innocence is not necessary for such a claim. *Smalls v. Collins*, 10 F.4th 117, 138-39 (2d Cir. 2021) (internal quotation marks and citations omitted).

Plaintiff does not allege any facts suggesting a fair trial claim based on fabricated evidence, and therefore, a favorable termination of the charges against him is necessary for any malicious prosecution claim he seeks to bring.

*Timmerman*, 454 U.S. 83, 86-87 (1981) (plaintiffs lack standing to seek the issuance of an arrest warrant); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). And because federal prosecutors possess discretionary authority to bring criminal actions, they are "immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972). Accordingly, the Court dismisses Plaintiff's claims under Section 242, for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because the Court cannot say that an amendment would be futile − particularly with respect to Plaintiff's claim that false charges were brought against him − the Court grants Plaintiff thirty days' leave to replead any possible viable claim.

If Plaintiff files an amended pleading, he must provide detailed information concerning the charges that were lodged against him. He must state the dates he was charged, the nature of the charges, the date the charges were dismissed, who initiated the prosecution, and those

individuals' role in the prosecution. Plaintiff must also name as defendants the individuals responsible for bringing the charges against him.[5]

## CONCLUSION

Plaintiff's complaint, filed under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim on which relief may be granted. All claims asserted on behalf of K.D. is dismissed without prejudice. All other pending matters in this case are terminated.

Plaintiff is granted thirty days' leave to replead his claims. If Plaintiff fails to file an amended complaint within the time allowed, the Court will enter judgment dismissing his claims for the reasons stated in this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    March 25, 2022
          New York, New York

                                   /s/ Laura Taylor Swain
                                   LAURA TAYLOR SWAIN
                                   Chief United States District Judge

---

[5] Plaintiff may consider contacting the New York Legal Assistance Group's (NYLAG) Legal Clinic for Pro Se Litigants in the Southern District of New York, which is a free legal clinic staffed by attorneys and paralegals to assist those who are representing themselves in civil lawsuits in this court. A copy of the flyer with details of the clinic is attached to this order. The clinic is currently available **only** by telephone.

# <u>Notice For</u>
# <u>Pro Se Litigants</u>



**As a public health precaution, the New York Legal Assistance Group's Legal Clinic for Pro Se Litigants has temporarily suspended all in-person client meetings as of Tuesday, March 17, 2020.**

**Limited scope legal assistance will continue to be provided, but only by appointment and only over the phone. During this time, we cannot assist walk-in visitors to the clinic.**

**If you need the assistance of the clinic, please call <u>212-659-6190</u> and leave a message, including your telephone number, and someone will get back to you as soon as possible. If you do not leave a message with your telephone number, we cannot call you back.**

**Please be patient because our responses to your messages may be delayed while we transition to phone appointments.**

